IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2120-FL

| | | |
|---|---|---|
| WALTER R. GLADDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JONATHAN C. MINER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE # 9) of respondent Jonathan C. Miner ("respondent"), to which petitioner responded. The matter is ripe for adjudication. For the following reasons, the court grants in part and denies in part respondent's motion for summary judgment.

### STATEMENT OF THE CASE

On November 3, 1981, the District of Columbia Superior Court sentenced petitioner, a District of Columbia Code offender ("DC code offender"),[2] in case number F1631-81Y, Z, AA, to the following: (1) (Count one) Murder II-nine to thirty (30) years; (2) (Count two) Manslaughter

---

[1] Because respondent attached matters that were outside of the pleadings, the court will construe his motion as a motion for summary judgment.

[2] Pursuant to the National Capital Revitalization Act of 1997 ("the Act"), Congress mandated that the federal Bureau of Prisons ("BOP") house D.C. Code Offenders. See Pub.L.No. 105-33, § 11231(a), 111 Stat. 712, 745 (1997) (codified at D.C. Code § 24-131(a)) The Act also vested the BOP with the authority to compute and execute sentences imposed under the D.C. Code. See Dunn v. Rivera, No. 0:09-3236-RMG-PJG, 2010 WL 4923137, at *3 (D.S.C. Oct. 25, 2010) ("Thus, BOP has the authority to compute and execute these sentences, including computing pre-sentence credits and determining the sentence termination date."), report and recommendation adopted, 2010 WL 4923490 (D.S.C. Nov. 29, 2010).

while armed-eight to twenty-five (25) years, to run consecutive to counts one and three; and (3) (Count three) Robbery-three to nine years, to run consecutive to counts one and two. Erickson Decl.[3] ¶ 6. In total, petitioner's sentence resulted in a twenty (20) year minimum term of imprisonment and a sixty-four (64) year maximum term of imprisonment.[4] Id. On February 20, 1982, the BOP designated petitioner to a federal facility to serve his D.C. Code sentence. Id. ¶ 8.

BOP calculated petitioner's sentence to provide a total aggregate seventeen (17) year, four month minimum term of imprisonment, and an aggregate fifty-six (56) year maximum term of imprisonment. Id. ¶ 10. Petitioner's aggregate term of imprisonment commenced on the date of his first sentencing, November 3, 1981. Id. BOP has awarded petitioner a total of one hundred sixty-one (161) days of prior custody credit. Id. BOP also awarded petitioner six thousand seven hundred twenty (6,720) days of statutory good-time credit and nine hundred thirty (930) days of extra good-time credit. Id. ¶¶ 12, 20. Based upon BOP's calculation, petitioner's mandatory release date is October 28, 2015. Id. ¶ 5.

Petitioner, who currently is incarcerated at Rivers Correctional Institution ("Rivers"), filed this action pursuant to 28 U.S.C. § 2241, on June 27, 2011. In his petition, petitioner challenges BOP's calculation of his good-time credit. Specifically, petitioner alleges that BOP denied him the following: (1) statutory good-time credit for each year that he has served in custody; (2) extra good-

---

[3] Bryan Erickson ("Erickson") submitted a declaration in support of respondent's motion for summary judgment. Erickson is employed by BOP as a management analyst at BOP's Designation and Sentence Computation Center. Erickson Decl. ¶ 1.

[4] On November 19, 1981, the District of Columbia Superior Court sentenced petitioner in case number M9497-80A to a one year maximum term of imprisonment for a probation revocation. Id. ¶ 7. On February 22, 1982, the District of Columbia Superior Court amended petitioner's sentence in case number F1631-81Y, Z, AA, by ordering that count three now run concurrent to counts one and two. Id. ¶ 9. Petitioner's amended sentenced resulted in a new seventeen (17) year minimum term of imprisonment, and fifty-five (55) year maximum term of imprisonment. Id. ¶ 9.

time credit for completing vocational programs; and (3) good-time credit for completing educational programs. Respondent filed a motion for summary judgment, arguing that petitioner failed to exhaust his administrative remedies as to his claim for educational good-time credits. Respondent also argues that the court should dismiss petitioner's claims because petitioner is not entitled to additional good-time credit. The matter was fully briefed.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

   1.   Exhaustion of Administrative Remedies

Respondent contends that petitioner's claim regarding his educational good-time credit should be dismissed because he failed to exhaust his administrative remedies. A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to 28 U.S.C. § 2241. See Woodford v. Ngo, 548 U.S. 81, 88-89

3

(2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam). Petitioner's status as a D.C. Code offender does not excuse the exhaustion requirement. See Stevenson v. Mitchell, No. 1:10-CV-2673, 2011 WL 3626605, at *2 (D.S.C. Aug. 17, 2011) (finding no reason to excuse § 2241 petitioner, a D.C. Code offender, from the exhaustion requirement). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

Petitioner asserts that the grievances he attached to his complaint reflect that he exhausted his administrative remedies. Petitioner's grievances, however, discuss industrial, meritorious, and statutory good-time credit, but do not discuss educational good-time credit. Further, the record reflects that petitioner did not file any other grievance regarding the issue. See Dannels[5] Decl. ¶ 7. Additionally, petitioner has not shown that he personally was prevented in any way from filing a grievance on the issue. Nor has he demonstrated any other grounds to establish cause or prejudice necessary to excuse his failure to exhaust administrative remedies. Thus, petitioner's claim regarding his educational good-time credits is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.[6]

---

[5] Jennifer Dannels ("Dannels") submitted a declaration in support of respondent's motion for summary judgment. Dannels is employed by BOP as an attorney advisor. Dannels Decl. ¶ 1.

[6] The court notes that petitioner's allegations in his petition regarding educational good-time credits are vague. Here, petitioner does not request a certain amount of credit, nor does he name any qualifying educational programs that he completed. See ¶ 23; BOP Program Statement § 5884.02. Although petitioner does attach several certificates of completion and documentation reflecting that he has completed education courses, he does not state which courses entitle him to educational good-time credit pursuant to BOP Program Statement § 5884.02. See Pet.'s Resp. Attach. and Pet. Decl. Attach. p. 24. As a result, respondent correctly asserts that petitioner would benefit from first presenting this issue through BOP's Administrative Remedy Procedure.

4

### 2. Good-Time Credit

#### a. Statutory Good-Time Credit

Under the former version of 18 U.S.C. §§ 4161 and 4162,[7] applicable here, a prisoner who is imprisoned for "a definite term other than for life" is entitled to earn statutory good-time credit. 18 U.S.C. § 4161. Section 4161 specifically addresses the earning of statutory good-time credits and provides:

> Each prisoner convicted of an offense against the United States and confined to a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows: [] ten days for each month, if the sentence is ten years or more . . . When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.

Here, petitioner has an aggregate maximum fifty-six (56) year term of imprisonment. Accordingly, he is entitled to ten (10) days of statutory good-time credit per month. The record reflects that BOP has awarded petitioner six thousand seven hundred twenty (6,720) days of statutory good-time credit in accordance with § 4161.[8] See Erickson Decl. ¶ 12 ("56 years x 12 months =672 months; 672 months x 10 days =6, 720 days"). This is the maximum amount of statutory good-time credit that petitioner may earn based upon his sentence length. See 18 U.S.C.

---

[7] Title 18 U.S.C. §§ 4161 and 4162 were repealed effective November 1, 1987. These sections, however, still apply to individuals, such as petitioner, who committed offenses prior to November 1, 1987. 18 U.S.C. §§ 4161, 4162. The court further notes that BOP Program Statement § 5880.30 provides guidance on calculating sentences for inmates who committed their crimes before the Sentence Reform Act of 1987, effective November 1, 1987. See Quinjano v. Hufford, No. 3:11cv2254, 2012 WL 3775765, at *n 3. (M.D. Pa. Aug. 29, 2012).

[8] The court notes that petitioner argues that BOP refused to award him statutory good-time credit for thirty-one (31) years. As stated, BOP credited petitioner's sentence with statutory good-time for a total of fifty-six (56) years.

Case 5:11-hc-02120-FL   Document 18   Filed 09/17/12   Page 5 of 10

§ 4161. Petitioner has not presented any evidence to the contrary. Thus, because petitioner has received all of the statutory good-time credit he is due pursuant to § 4161, his challenge to the calculation of his statutory good-time credit is without merit.

### b. Extra Good-Time Credit

Extra good-time credit is a broad term and includes several types of good-time credit, including both meritorious good-time credit and industrial good-time credit. Petitioner raises several challenges to the calculation of his extra good-time credit. In particular, petitioner alleges in this action that he should receive both meritorious and industrial good-time credit simultaneously for the time period of October 3, 1984, through March 13, 2008. Petitioner also alleges that the warden at Rivers should award him meritorious good-time credit from the date he began his job assignment at Rivers in March 2008. Finally, petitioner alleges that he should receive extra good-time credit while he was incarcerated in the District of Columbia, from December 12, 1991 through March 5, 2001. The court now will address each of petitioner's claims in turn.

Section 4162 governs the allocation of the types of extra good-time credit at issue in this case--industrial good-time credit and meritorious good-time credit. Section 4162 provides as follows:

> A prisoner may, in the discretion of the Attorney General, be allowed a deduction from his sentence of not to exceed three days for each month of actual employment in an industry camp for the first year or any part thereof, and not to exceed five days for each month of any succeeding year or part thereof. In the discretion of the Attorney General such allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations.
>
> Such allowances shall be in addition to commutation of time for good conduct, and under the same terms and conditions and without regard to length of sentence.

6

18 U.S.C. § 4162.

Pursuant to BOP Program Statement 5880.30, <u>Sentence Computation Manual</u>, BOP awards extra good-time credit for inmates performing exceptionally meritorious service, or for performing duties of outstanding importance. BOP Program Statement § 5880.30(1)(a). BOP awards extra good-time credit at a rate of three days per month during the first twelve (12) months of seniority in an earning status, and at the rate of five days per month thereafter. <u>Id.</u> § 5880.30(10)

In this case, BOP has awarded petitioner a total of nine hundred thirty (930) days of extra good-time credit toward the maximum term of his sentence for the following:

    a.    January 1, 1983 through August 8, 1984-meritorious good-time credit at the Federal Correctional Institution in Otisville, New York;

    b.    October 3, 1984 through December 12, 1991-industrial good-time credit at the Federal Correctional Complex in Petersburg, Virginia ("FCC-Petersburg").

    c.    March 5, 2001 through January 10, 2002-industrial good-time credit at the Federal Correctional Institution in Memphis, Tennessee;

    d.    August 11, 2003 through March 10, 2005-institutional good-time credit at FCC Petersburg;

    e.    August 11, 2006 through March 13, 2008-industrial good-time credit at the United States Penitentiary in Atlanta, Georgia; and

    f.    January 1, 2009 through the present-meritorious good-time credit at Rivers.

<u>Id.</u> ¶ 20.

Beginning with petitioner's general contention that he should simultaneously receive both meritorious good-time credit and industrial good-time credit for the time period from October 3, 1984 through March 13, 2008, the court rejects this claim. An inmate may only earn one type of

7

good-time credit at a time-meritorious or industrial. Id. § 5880.30(1)(a). Thus, petitioner was not entitled to simultaneously earn both industrial good-time credit and meritorious good-time credit for the disputed time period.

The court now turns to petitioner's claim that the Warden at Rivers should award him meritorious good-time credit from the date he began his job assignment at Rivers on March 13, 2008. Meritorious good-time credit is not automatically earned. Id. § 5880.30(4)(a). Rather, an inmate's work supervisor is responsible for recommending that he receive meritorious good-time credit based upon work performance. Id. The warden or designee must approve the recommendation before meritorious good-time credit is awarded. Id. Further, although staff may approve a retroactive award of meritorious good-time credit, it is ordinarily limited to three months, excluding the month in which the recommendation is made.[9] Id. § 5880.33(4)(b).[10]

The evidence in the record reflects that, at Rivers, petitioner's work supervisor recommended that he receive meritorious good-time credit on April 1, 2009. Erickson Decl. ¶ 21. The recommendation subsequently was approved in late April 2009, and pursuant to BOP Program Statement § 5880.30, petitioner was retroactively awarded meritorious good-time credit as of January 1, 2009.[11] Id. Contrary to petitioner's suggestion otherwise, his participation in vocational programs alone is not sufficient to justify an award of meritorious good-time credit. Rather, as stated, an inmate is eligible for meritorious good-time credit when such action is recommended by

---

[9] The court notes that a retroactive award of meritorious good-time credit in excess of three months requires the approval of the warden or designee. Id. § 5880.30(4)(a).

[10] Conversely, industrial good-time credit automatically is awarded to inmates employed in Federal Prison Industries, Inc., beginning on the first day of such employment, and continuing as long as the inmate is employed by Federal Prison Industries, unless the award is disallowed. Id. § 5880.30(7).

[11] Petitioner currently is earning meritorious good-time credit at the rate of five days per month. Id.

8

the inmate's supervisor. BOP Program Statement § 5880.30(4)(a) Accordingly, the Warden's decision to retroactively approve the award of meritorious good-time credit effectively only from January 1, 2009, is within BOP policy. Petitioner has not presented any evidence to substantiate his claim that he is entitled to additional meritorious good-time credit. Thus, respondent's motion for summary judgment is GRANTED for this claim.

Finally, the court addresses petitioner's allegation that BOP failed to award him meritorious or industrial good-time credit for the time period that he was transferred to the District of Columbia--December 12, 1991 through March 5, 2001. Respondent states that he was not eligible for extra good-time credit during the disputed time period because he was not in BOP custody rendering § 4162 inapplicable. However, the record reflects that BOP applied 18 U.S.C. § 4161, a federal statute, to petitioner's sentence for the purposes of calculating statutory good-time credit for the contested time period. Moreover, federal regulations suggest that an inmate confined in a non-federal facility may be eligible to earn extra good-time credit. See 28 C.F.R. § 523.17(d). Thus, the court finds that respondent has not demonstrated that there is no genuine issue of material fact with regard to whether petitioner was entitled to earn extra good-time credit from December 12, 1991 through March 5, 2001, while he was incarcerated in the District of Columbia.

3. New Claim

Petitioner raises a new claim regarding his pretrial sentence credit in his response to respondent's motion for summary judgment. Petitioner, however, has not requested leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a), to include any new claim. Because petitioner has not moved this court to amend his complaint pursuant to Rule 15(a) to include any new claim, the new claim is not properly before the court. See United States v. Jones, 842 F.2d 1293, *1 (4th Cir. Mar. 9, 1988); Crump v. N.C. Dep't of Corr., No. 3:05CV325-02-MU, 2009 WL 2738459, *5 (W.D.N.C. Aug. 26, 2009).

## CONCLUSION

For the reasons stated above, respondent's motion for summary judgment (DE # 9) is GRANTED in part and denied in part. Respondent's motion is GRANTED with respect to all of petitioner's claims except for his claim relating to the earning of extra good-time credits for the time period of December 12, 1991 through March 5, 2001. Petitioner's claim relating to educational good-time credits is DISMISSED without prejudice.

SO ORDERED, this the 17th day of September, 2012.

_____
LOUISE W. FLANAGAN
Chief United States District Judge